### STEPHEN ROBBINS *vs.* LEVI PARKER.

Where one mortgaged " all the hay, grain and produce growing " on his farm, to secure payment of a certain sum in one year, but no note or other personal security was mentioned in the mortgage, and the mortgagor used the produce of the farm, at his pleasure, with the knowledge of the mortgagee and without objection from him ; it was held that a jury would be bound to infer that the mortgage was collusive and fraudulent as against the mortgagor's creditors.

IN replevin, the plaintiff declared of the taking and detaining of thirty tons of his hay. The defendant, a deputy sheriff, justified under a writ of attachment against Eli Robbins, as whose property he attached the hay, at the suit of Ward & Glover.

The trial was before the chief justice, who reported the case thus : The plaintiff gave in evidence a mortgage deed made to him by Eli Robbins, dated July 9th 1838, purporting to convey " all the hay, grain and produce, now standing, being and growing on the farm now in the occupation of the said Eli Robbins,

as well before the same is harvested, as after the same shall be harvested." This deed was recorded in the town clerk's office, but not in the registry of deeds. It was conditioned for the payment of $1000 on the 10th of July 1839, with interest; but no note or personal security was therein referred to.

It was admitted, that the plaintiff gave the defendant due notice of said mortgage and of his claim of $1000, and made demand of payment of Ward, one of the attaching creditors.

The plaintiff, to prove the consideration of the mortgage, called said Eli Robbins, (who was his son,) as a witness, and gave in evidence a promissory note made by him, dated June 23d 1838, for $1061·68, payable on demand. Said Eli testified that he gave that note to his father for money borrowed, and that the mortgage was made to secure it; that the hay was in his barn, when the defendant attached it; but he could not say that any part of it was cut, when the mortgage was given. He also testified that he used the hay and other produce of the farm, to feed his cattle, and that his father knew it and did not object to his so using them; that he had settled with his father for the produce thus used, and paid him the money for it; but the money thus paid had not been indorsed on the note. He further testified, that the grass mortgaged was cut, made into hay, and put into the barn, by himself; that it was English hay, and that the date of the mortgage, July 9th, was about the time for mowing English hay; but he could not say whether he had then begun haymaking or not.

The defendant contended that the plaintiff could not recover and hold the property under the mortgage: 1st. Because a growing crop of grass is a part of the realty, and will not pass as personal property by a deed recorded in the town clerk's office: 2d. Because the evidence showed that the mortgagor used and treated the property, in all respects, as his own, without objection by the mortgagee; from which it ought to be inferred, that the mortgage was colorable and pretended, and not given to secure a real debt, and was therefore void against creditors.

No other evidence being relied on, and the parties being de-

sirous to submit the case to the whole court, a verdict was taken
for the plaintiff, by consent, with nominal damages, subject to
the opinion of the whole court upon a report of the case.; the
court to draw such inferences from the evidence, as a jury would
be justified and bound to draw. If the court are of opinion
that the plaintiff is not entitled to maintain the action, the verdict
is to be set aside and reversed, and stand as a general verdict for
the defendant, with damages to be assessed, according to law,
by the court, or by an auditor under the direction of the court.

*Crowninshield*, for the defendant.

*Nelson*, for the plaintiff.

WILDE, J.    This case, by the consent of the parties, has
been submitted to the determination of the court, upon the facts
and evidence reported ; the court being authorized to draw such
inferences from the evidence, as the jury would be justified and
bound to draw, if the case had been submitted to them.    The
plaintiff's title to the goods replevied is derived from a mortgage
deed to him from Eli Robbins, and the principal question is,
whether this is a valid mortgage, or is fraudulent as against cred-
itors ; the goods having been attached by the defendant, as the
property of said Eli, the mortgagor.

The property mortgaged was " all the hay, grain and produce
standing " on the mortgagor's farm at the time the mortgage was
made.    And the defendant's counsel contends, that this prop-
erty was in its nature subject to be consumed in its use, and was
intended to be so consumed by the mortgagor ; and that the
mortgage of it, therefore, is *primâ facie* colorable and fraudulent
against his creditors.    And this inference is fully sustained by
the decision in *Sommerville* v. *Horton*, 4 Yerg. 541, the principle
of which decision seems to be admitted is correct, by Morton,
J. in delivering the opinion of the court in *Shurtleff* v. *Willard*,
19 Pick. 212.

The principle, however, on which such a fraudulent intent is
to be inferred, must be understood with some limitations.    We
have no doubt that articles, in their nature subject to be con-
sumed in their use, may be mortgaged without any imputation
of fraud, provided they are not to be used, and may be kept

without damage until the mortgage debt shall become payable. But if the articles mortgaged are perishable, and cannot be so kept, or if they are mortgaged under an agreement or understanding that they may be used and consumed by the mortgagor, (as the understanding of the parties seems to have been in the present case,) then we think the transaction must be considered as collusive and fraudulent against creditors. No other reasonable inference from the conduct of the parties to the mortgage can be made. The mortgagor used and consumed the property in the same manner as he would have done if no mortgage had been made ; and this, with the knowledge of the mortgagee, and without objection on his part. It is true that Eli Robbins, the mortgagor, testified that he had settled with his father, the mortgagee, for the produce used, and had paid him the money for it ; but he did not testify that the money had been paid before the defendant's attachment. If it had been so paid, it would have had a tendency, without doubt, to rebut the inference of fraud and collusion.

Another badge of collusion and a secret trust between the parties is, that the money paid was not indorsed on the note of the mortgagor. Nor is it stated how the settlement was made, nor how much money was paid. For aught that appears, the sum paid might have been very inconsiderable, and much less than the value of the produce consumed. Indeed, the whole testimony of the mortgagor, instead of rebutting the presumption of fraud, has a strong tendency to confirm it. The conduct of the parties is inconsistent with the object of a mortgage, which is to secure the creditor.

There was another objection to the plaintiff's title, as to which, however, it is unnecessary to give an opinion. According to the agreement of the parties, the verdict, which was for the plaintiff, is to be amended and reversed, and to stand as a general verdict for the defendant ; and damages are to be assessed as is stated in the report of the case.